No. 39　　　　　January 28, 2026　　　　　691

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LELAND MICHAEL WARD,
*Defendant-Appellant.*

Multnomah County Circuit Court
24CN00098; A183929

Benjamin S. Johnston, Judge.

Submitted December 12, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed.

**LAGESEN, C. J.**

Defendant appeals a judgment finding him in contempt of a Family Abuse Protection Act order. ORS 33.015. He raises three assignments of error. The first, and dispositive assignment of error is that the trial court erred by denying his motion for judgment of acquittal. The state concedes the error; we accept the state's concession and reverse the judgment of contempt.

The order restrained defendant from coming within 150 feet of the protected party or her apartment. Police responded to a call about defendant violating the order. Officer Cronin met with the protected party, who was outside her apartment building in her car. She gave Cronin her keys and permission to enter her apartment. Cronin found defendant inside the apartment. Defendant was charged with punitive contempt. The charging instrument specified that defendant had violated the order by coming within 150 feet of the protected party. It did not contain an allegation about defendant entering or coming within 150 feet of the apartment. At the contempt proceeding, at the close of the state's evidence, defendant moved for judgment of acquittal. He argued that, because there was no evidence about where the protected party was in relation to defendant, and the complaint had alleged only that theory, there was insufficient evidence to find defendant in contempt of the order. The court denied the motion, found defendant in contempt, and imposed a punitive sanction of 12 months of bench probation.

Defendant appeals, reiterating his argument that the state had failed to adduce sufficient evidence of its charged theory of punitive contempt and that he was entitled to a judgment of acquittal. The state agrees that there was insufficient evidence of the charged conduct, and that the remedy is outright reversal of the contempt finding. Having reviewed the record, we accept the state's concession and reverse the contempt finding. Given that disposition, we need not reach defendant's remaining assignments of error.

Reversed.